## In re TOBOLD.

No. 2689.

Court of Customs and Patent Appeals.

April 22, 1931.

Kwis, Hudson & Kent, of Cleveland, Ohio (A. J. Hudson and W. E. Williams, both of Cleveland, Ohio, and W. T. Estabrook, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying all of the claims, 4 to 7, inclusive, in appellant's application for a patent for an alleged invention relating to a device adapted for use in connection with the storing of "valve insides for pneumatic tires," and comprising a relatively thin flat plate—"separator member"—provided with one or more reentrant slots of proper dimensions to engage the enlargement on the valve stem and the end of the casing, thus separating the valve proper from its seat.

Claim 4 is illustrative. It reads:

"4. The combination with a valve insides comprising a casing, a stem within the casing, a valve proper carried by the stem and adapted to coöperate with the lower end of the casing as a seat, an enlargement of the valve stem on the valve proper, a spring within the casing and normally holding the valve proper to its seat, of a separator member having a portion adapted to engage the enlargement on the valve stem and the end of the casing to thereby separate the valve proper and the seat, the separator being retained under the spring action of the aforesaid spring."

The reference is: Kingsbury, 1,558,484, October 27, 1925.

In the reference the separator member comprises a channel shaped member consisting of a base and sides, one of the sides having a series of slots so arranged therein as to be directly above pockets in a receptacle

in which the separator member and the valves are to be placed.

In his specification the patentee stated that: ..

"Before such insertion, the several valves of the set are mounted upon the support, first lifting the heads and inserting the stems in the cutouts. Under the force of the spring 19, the end of the body portion and the head clamp upon the support, as clearly indicated in Figs. 1 and 4.

"In this relation the support and the valves may be handled as a unit to be inserted in the receptacle. It should be noted that the length of the valve stem is such that in this position, the head end of the stem is spaced from the side portion 28, and the distance from the said side portion to the other end of the stem is slightly greater than the interior transverse dimension of the receptacle. When inserted in the receptacle the stem must therefore be pressed inwardly, so that it engages the side of the receptacle, (Fig. 5) and moves the valve head from contact with the portion 27 of the support with the advantageous result that the valves are securely held under spring pressure against rattling or becoming loose, and the rubber gaskets 25 are retained out of contact with the surface of the support and the valve bodies. When removed from the container the rubber gasket, which is vital to the proper operation of the valve is undeteriorated, and free from distortion, and will therefore function perfectly."

It is argued by counsel for appellant that the slots in the separator member, disclosed in the application, are of a "width greater than the diameter of the small end of the enlargement on the stem, but of a width less' than the diameter of the larger end of such enlargement"; and that this arrangement is not disclosed in the reference.

It may be observed that appellant's claims do not specify the size of the slots in the separator member. They merely call for a separator member having a portion adapted to engage the enlargement on the valve stem and the end of the casing to maintain the "valve proper" out of contact with its seat.

In its decision, the Board of Appeals, among other things, said:

"The claims distinguish from the disclosure of Fig. 4 of the patent only in specifying that the strap engages the enlargement on the stem. We fail to see that this is a material difference over the structure shown, in the reference as the strip shown there prevents the valve casing from pressing upon the yielding material of the valve thus causing it to become indented and deformed. The spring will be under no greater tension when held in the manner shown in Fig. 4 of the patent than in appellant's structure."

There is nothing in the reference to indicate that the separator member therein disclosed is not adapted to engage the enlargement on the valve stem and the end of the casing, and, in our opinion, the involved claims are sufficiently broad to read on the reference.

The Patent Office tribunals concurred in holding that the involved claims are not patentably distinguishable from the reference. We are in accord with this conclusion, and the decision of the Board of Appeals is affirmed.

Affirmed.